## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERDIGITAL COMMUNICATIONS, INC., a Delaware corporation, INTERDIGITAL TECHNOLOGY CORPORATION, a Delaware corporation, IPR LICENSING, INC., a Delaware corporation, and INTERDIGITAL HOLDINGS, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br> v.<br><br>NOKIA CORPORATION, a Finnish corporation, and NOKIA INC., a Delaware corporation,<br><br>    Defendants. | C.A. No. 1:13-cv-00010-RGA<br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

This is an action for patent infringement. Plaintiffs InterDigital Communications, Inc., InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital Holdings, Inc. (collectively "InterDigital" or "the Plaintiffs"), through their undersigned counsel, bring this action against Defendants Nokia Corporation and Nokia Inc. (collectively "Nokia" or the "Defendants"). In support of this Amended Complaint, InterDigital alleges as follows:

## THE PARTIES

1.     Plaintiff InterDigital Communications, Inc. ("InterDigital Communications") is a Delaware corporation, having its principal place of business at 781 Third Avenue, King of Prussia, Pennsylvania 19406.

2.     Plaintiff InterDigital Technology Corporation ("InterDigital Technology") is a Delaware corporation, having its principal place of business at 200 Bellevue Parkway, Suite 300, Wilmington, DE 19809.

3.     Plaintiff IPR Licensing, Inc. ("IPR Licensing") is a Delaware corporation, having its principal place of business at 200 Bellevue Parkway, Suite 300, Wilmington, DE 19809.

4.     Plaintiff InterDigital Holdings, Inc. is a Delaware corporation, having its principal place of business at 200 Bellevue Parkway, Suite 300, Wilmington, DE 19809. [1]

5.     On information and belief, defendant Nokia Corporation is a Finnish corporation with its principal place of business at Keilalahdentie 2-4, FIN-00045 Nokia Group, Espoo, Finland.

6.     On information and belief, defendant Nokia Inc. is a Delaware corporation with its principal place of business at 102 Corporate Park Drive, White Plains, New York 10604.

## JURISDICTION AND VENUE

7.     This is a complaint for patent infringement arising under 35 U.S.C. § 271 *et seq*. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

---

[1]   InterDigital Communications, Inc., InterDigital Holdings, Inc., InterDigital Technology Corporation, and IPR Licensing, Inc. are subsidiaries of InterDigital, Inc., a Pennsylvania corporation.

8.     Venue is proper in this district under 28 U.S.C. § 1400(b) because Defendants are subject to personal jurisdiction in this district and therefore "reside" in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, Defendants sell various products and do business throughout the United States, including within this judicial district.

9.     Venue is proper in this judicial district under Title 28 U. S. Code §§ 1391(b), (c), (d) and 1400(b) because this Court has personal jurisdiction over the Defendants by virtue of the fact that, *inter alia*, each defendant has purposefully availed itself of the rights and benefits of Delaware law, regularly does and solicits business in Delaware, has engaged in continuous and systematic contact with the State of Delaware, and derives substantial revenue from things used or consumed in the State of Delaware.  In addition, this Court has personal jurisdiction over defendant Nokia, Inc. because, on information and belief, it is incorporated under the laws of Delaware.

## THE PATENTS-IN-SUIT

10.    There are two patents at issue in this action:  United States Patent No. 7,941,151 ("the '151 patent") and 8,380,244 ("the '244 patent") (collectively, "the Patents-in-Suit").

11.    The '151 patent is entitled "Method and System For Providing Channel Assignment Information Used To Support Uplink And Downlink Channels," and issued on May 10, 2011 to inventors Marian Rudolf, Stephen G. Dick, and Phillip J. Pietraski.  InterDigital Technology owns by assignment the entire right, title, and interest in and to the '151 patent.  A true and correct copy of the '151 patent is attached to this Amended Complaint as Exhibit A.

12.    The '244 patent is entitled "Dual Mode Unit for Short Range, High Rate and Long Range, Lower Rate Data Communications," and issued on February 19, 2013 to inventor Thomas E. Gorsuch.  IPR Licensing, Inc. owns by assignment the entire right, title, and interest

in and to the '244 patent. A true and correct copy of the '244 patent is attached to this Amended Complaint as Exhibit B.

## COUNT I
## INFRINGEMENT OF THE '151 PATENT

13. InterDigital repeats each and every allegation of the preceding paragraphs as if fully set forth herein.

14. In violation of 35 U.S.C. § 271, Nokia is now, and has been, directly infringing, contributorily infringing and/or inducing infringement of, the '151 patent by manufacturing, using, importing, offering for sale, and/or selling wireless devices with 4G capabilities in the United States, including but not limited to the Nokia Lumia 820, Lumia 822, and Lumia 920, and will continue to do so unless enjoined by this Court.

15. On information and belief, Nokia has had actual and/or constructive knowledge of the '151 patent since before this Amended Complaint was filed. In addition, Nokia will receive notice of the '151 patent upon the service of the Amended Complaint by InterDigital upon Nokia at the addresses referenced herein, concurrently with this filing.

16. The accused Nokia products are specifically designed to be used in at least a 4G wireless communications system. Specifically, the accused Nokia products identified by InterDigital to date that are designed to be used in a 4G wireless communications system are configured to comply with the LTE (Long Term Evolution) standard. Because the accused products are specifically designed to so operate, they have no substantial non-infringing uses. Accordingly, Nokia contributorily infringes the '151 patent.

17. On information and belief, Nokia, with knowledge of the '151 patent, and without authority, has actively induced and continues to actively induce infringement by end-users of at least one claim of the '151 patent, under 35 U.S.C. § 271(b), by intentionally inducing the use,

importation, offer for sale, and/or sale of infringing wireless devices with 4G capabilities, intending to encourage, and in fact encouraging, end-users to directly infringe the '151 patent. On information and belief, Nokia actively induced infringement by, *inter alia*, designing and introducing into the stream of commerce infringing wireless devices with 4G capabilities, and by publishing manuals and promotional literature describing and instructing in the operation of the accused devices in an infringing manner and by offering support and technical assistance to its customers that encourage use of the accused products in ways that infringe the asserted claims. In addition, Nokia has had actual knowledge of end-users' direct infringement and that Nokia's acts induced such infringement since at least the date of this filing, when InterDigital provided to known representatives of Nokia a copy of the complaint (including claim charts) filed in the U.S. International Trade Commission detailing the allegations of Nokia's infringement of the '151 patent.

18. On information and belief, Nokia has continued its infringement despite having notice of the '151 patent. Nokia has committed and is committing willful patent infringement.

19. Nokia's past and continuing infringement of the '151 patent has caused monetary damage and irreparable injury to InterDigital. Unless and until Nokia's infringement is enjoined by this Court, it will continue to cause monetary damage and irreparable injury to InterDigital.

## COUNT II
## INFRINGEMENT OF THE '244 PATENT

20. InterDigital repeats each and every allegation of the preceding paragraphs as if fully set forth herein.

21. In violation of 35 U.S.C. § 271, Nokia is now, and has been, directly infringing, contributorily infringing and/or inducing infringement of, the '244 patent by manufacturing, using, importing, offering for sale, and/or selling wireless devices with 3G and IEEE 802

5

capabilities in the United States, including but not limited to the Nokia Lumia 820 and Lumia 822, and will continue to do so unless enjoined by this Court.

22. On information and belief, Nokia has had actual and/or constructive knowledge of the '244 patent since as early as March 5, 2013 when InterDigital's counsel informed them of the '244 patent's issuance. In addition, Nokia will receive notice of the '244 patent upon the service of the Amended Complaint by InterDigital upon Nokia at the addresses referenced herein, concurrently with this filing.

23. The accused Nokia products are specifically designed to be used in a 3G WCDMA or CDMA2000 system as well as in an IEEE 802 system. Specifically, the accused Nokia products identified by InterDigital to date that are designed to be used in a UMTS (WCDMA) system are configured to comply with the HSUPA and/or HSPA+ standards. The accused products designed to be used in a 3G CDMA2000 system are configured to comply with the EV-DO Revision A standard. The accused products further designed to also be used in an IEEE 802 system are configured to comply with at least IEEE 802.11. Because the accused products are specifically designed to so operate, they have no substantial non-infringing uses. Accordingly, Nokia contributorily infringes the '244 patent.

24. On information and belief, Nokia, with knowledge of the '244 patent, and without authority, has actively induced and continues to actively induce infringement by end-users of at least one claim of the '244 patent, under 35 U.S.C. § 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of infringing wireless devices with 3G and IEEE 802 capabilities, intending to encourage, and in fact encouraging, end-users to directly infringe the '244 patent. On information and belief, Nokia actively induced infringement by, inter alia, designing and introducing into the stream of commerce infringing wireless devices with 3G and

IEEE 802 capabilities, and by publishing manuals and promotional literature describing and instructing in the operation of the accused devices in an infringing manner and by offering support and technical assistance to its customers that encourage use of the accused products in ways that infringe the asserted claims.  In addition, Nokia has had actual knowledge of end-users' direct infringement and that Nokia's acts induced such infringement since at least the date of this filing, when InterDigital provided to known representatives of Nokia a copy of the motion to amend its complaint (including claim charts) filed in the U.S. International Trade Commission detailing the allegations of Nokia's infringement of the '244 patent.

25. On information and belief, Nokia continues to infringe the '244 patent.  Having notice of the '244 patent, Nokia's continued activities constitute willful patent infringement.

26. Nokia's past and continuing infringement of the '244 patent has caused monetary damage and irreparable injury to InterDigital.  Unless and until Nokia's infringement is enjoined by this Court, it will continue to cause monetary damage and irreparable injury to InterDigital.

## JURY DEMAND

27. InterDigital demands a jury trial as to all issues that are triable by a jury in this action.

## PRAYER FOR RELIEF

28. WHEREFORE, InterDigital respectfully requests that this Court enter judgment against the Defendants as follows:

(a) That Defendants are liable for infringement, contributing to the infringement, and/or inducing the infringement of one or more claims of the Patents-in-Suit, as alleged herein;

(b) That the Defendants and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, customers and/or licensees and those persons acting in concert or participation with

any of them, are preliminarily and permanently enjoined and restrained from continued infringement, including but not limited to using, making, importing, offering for sale and/or selling products that infringe, and from contributorily and/or inducing the infringement of the Patents-in-Suit prior to their expiration, including any extensions;

(c) An Order directing Defendants to file with this Court and serve upon Plaintiffs' counsel within 30 days after the entry of the Order of injunction a report setting forth the manner and form in which Defendants have complied with the injunction;

(d) An award of damages adequate to compensate InterDigital for the infringement that has occurred, pursuant to 35 U.S.C. § 284, including prejudgment and post-judgment interest;

(e) An award of treble damages for willful infringement pursuant to 35 U.S.C. § 284;

(f) An accounting and/or supplemental damages for all damages occurring after any discovery cutoff and through the Court's decision regarding the imposition of a permanent injunction;

(g) An award of attorneys' fees based on this being an exceptional case pursuant to 35 U.S.C. § 285, including prejudgment interest on such fees;

(h) Costs and expenses in this action; and

(i) An award of any further relief that this Court deems just and proper.

Dated: March 13, 2013

PROCTOR HEYMAN LLP

*/s/Neal C. Belgam*
Neal C. Belgam (# 2721)
E-mail: nbelgam@proctorheyman.com
Melissa N. Donimirski (#4701)
E-mail: mdonimirski@proctorheyman.com
300 Delaware Avenue, Suite 200
Wilmington, Delaware 19801
(302) 472-7300

Counsel for Plaintiffs InterDigital Communications, Inc., InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital Holdings, Inc.

OF COUNSEL:

LATHAM & WATKINS LLP
Ron E. Shulman
E-mail: Ron.Shulman@lw.com
Michael A. Ladra
E-mail: Mike.Ladra@lw.com
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600

LATHAM & WATKINS LLP
Maximilian A. Grant
E-mail: Max.Grant@lw.com
Bert C. Reiser
E-mail: Bert.Reiser@lw.com
555 Eleventh Street, N.W., Ste. 1000
Washington, DC 20004
(202) 637-2200

WILSON SONSINI
GOODRICH & ROSATI
David S. Steuer
E-mail: dsteuer@wsgr.com
Michael B. Levin
E-mail: mlevin@wsgr.com
Maura L. Rees
E-mail: mrees@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

9