

Kelly E. Farnan
Director
302-651-7705
Farnan@rlf.com

May 29, 2014

**BY CM/ECF**

The Honorable Richard G. Andrews
U.S. District Court, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

>   Re:   *InterDigital Communications, Inc., et al v. ZTE Corporation, et al.*,
>          C.A. No. 13-009-RGA
>
>          *InterDigital Communications, Inc., et al v. Nokia Corp., et al.*,
>          C.A. No. 13-010-RGA

Dear Judge Andrews:

We write on behalf of Defendants to request clarification on the page limits for summary judgment motions that are due on June 10, 2014, in two associated cases, *InterDigital Communications Inc. et al. v. ZTE Corporation et al.* (C.A. No. 13-009-RGA) and *InterDigital Communications Inc. et al. v. Nokia Corporation et al.* (C.A. No. 13-010-RGA).

By way of background, we understand that Plaintiffs' counsel placed a call to chambers on or about May 9, 2014, and that he was informed that summary judgment briefs should be limited to 40 pages. There is some confusion, however, among the parties (perhaps borne of the fact that Plaintiffs' counsel did not include ZTE's and Nokia's counsel on the call to chambers) as to whether the Court's instruction applied individually to each of the two associated cases or collectively to both cases. Because InterDigital has asserted different patents against the ZTE defendants and the Nokia defendants, respectively, the Defendants in these two cases submit that a single 40-page limit should not apply collectively across both cases. To the extent that is what the Court intended, Defendants respectfully request a slight modification to the page limits for summary judgment briefing, as outlined below.

Recognizing that there is some overlap among the issues in these two cases, the ZTE and Nokia defendants have proposed a compromise of 20 pages per side for each of the three distinct patents or patent groups, for a collective total of 60 pages per side across both cases. In other words, ZTE and Nokia would share up to 40 pages to address issues related to the two common patents asserted in both cases, U.S. Patent Nos. 7,941,151 (the "151 patent") and 8,380,244 (the "244 patent"). ZTE would have up to 20 additional pages to address the two Power Ramp Up

The Honorable Richard G. Andrews
May 29, 2014
Page 2

patents asserted only against the ZTE defendants, U.S. Patent Nos. 7,190,966 and 7,286,847 (collectively, the "PRU patents").  Likewise, InterDigital would have up to 20 pages for each of the 151 patent, the 244 patent, and the PRU patents, for a total of up to 60 pages.

Consistent with the proportional scheme for page limits set forth in the Local Rules, ZTE and Nokia would share up to 60 pages for opposition briefing and up to 30 pages for reply briefing.  The same limits would apply to InterDigital's opposition and reply briefing.

Counsel for InterDigital has rejected this proposal and continues to insist on applying a single 40-page limit for summary judgment briefs across both of the associated cases, despite the fact that not all patents are asserted against all parties and despite the differences in the patent families.  Therefore, the ZTE and Nokia defendants respectfully request clarification on the page limits for summary judgment briefs and offer the 60-page proposal outlined above as a compromise to provide a fair opportunity for briefing to all parties involved in both of the associated cases.  A proposed Order is attached for the Court's consideration.

We appreciate the Court's attention to this matter and remain available at the Court's convenience if the Court has any questions or requires further information.

Respectfully,

/s/ Kelly E. Farnan

Kelly E. Farnan (#4395)

KEF/lll

cc:  Counsel of Record (By CM/ECF)