IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERDIGITAL COMMUNICATIONS, INC., a Delaware corporation, INTERDIGITAL TECHNOLOGY CORPORATION, a Delaware corporation, IPR LICENSING, INC., a Delaware corporation, and INTERDIGITAL HOLDINGS, INC., a Delaware corporation,<br><br>    Plaintiffs/Counterclaim-Defendants<br><br>    v.<br><br>ZTE CORPORATION, a Chinese corporation, and ZTE (USA) INC., a New Jersey corporation,<br><br>    Defendants/Counterclaim-Plaintiffs. | C.A. No. 13-009-RGA<br><br>REDACTED<br>PUBLIC VERSION |
| INTERDIGITAL COMMUNICATIONS, INC., a Delaware corporation, INTERDIGITAL TECHNOLOGY CORPORATION, a Delaware corporation, IPR LICENSING, INC., a Delaware corporation, and INTERDIGITAL HOLDINGS, INC., a Delaware corporation,<br><br>    Plaintiffs/Counterclaim-Defendants,<br><br>    v.<br><br>NOKIA CORPORATION, a Finnish corporation, and NOKIA INC., a Delaware corporation,<br><br>    Defendants/Counterclaim-Plaintiffs. | C.A. No. 13-010-RGA |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR OPPOSITION TO INTERDIGITAL'S DAUBERT MOTION**

RLF1 10451964v.1

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

FACTUAL BACKGROUND .............................................................................................. 2

ARGUMENT ....................................................................................................................... 5

CONCLUSION .................................................................................................................... 7

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc.*,
   763 F.Supp.2d 671 (D. Del. 2010)..................................................................................6

*PPC Broadband, Inc. v. Corning Gilbert Inc.*,
   2014 WL 347800 (N.D.N.Y. Jan. 31, 2014)....................................................................5

*PPG Indus. v. Guardian Indus. Corp.*,
   156 F.3d 1351 (Fed. Cir. 1998).......................................................................................5

## INTRODUCTION

InterDigital's *Daubert* motion is a thinly veiled attempt to revisit a claim construction dispute that it already lost. The Court properly construed the term "configured to communicate with an IEEE 802.11 wireless local area network" to mean "set up to always connect automatically to an IEEE 802.11 wireless local area network when such a connection is possible." Applying this construction, Defendants'[1] expert, Dr. McLaughlin, concluded that the accused products do not infringe because those products require manual selection of a network before connecting to any IEEE 802.11 wireless area network. Dr. McLaughlin correctly concludes that such devices do not *always* automatically connect to an 802.11 wireless local area network *when such a connection is possible* because the user must manually select each local area network before the accused products can connect to it. Dr. McLaughlin thus correctly applied the Court's construction.

Indeed, InterDigital's argument is not that Dr. McLaughlin did not apply the words of the Court's construction, but rather that the Court's construction must itself be construed in light of statements made during the claim construction hearing, and that Dr. McLaughlin failed to properly apply InterDigital's interpretation of the Court's construction based on those statements. InterDigital's theory fails because Dr. McLaughlin's position is wholly consistent with *both* the Court's claim construction and the statements made during the claim construction hearing. InterDigital's interpretation of those statements is wrong, and merely seeks to resurrect arguments it already lost.

---

[1] This brief is submitted on behalf of Nokia Corporation, Nokia, Inc., ZTE Corporation, and ZTE (USA) Inc. Dr. McLaughlin was jointly retained by all Defendants and the challenged testimony pertains to all Defendants.

## FACTUAL BACKGROUND

**The Parties' Claim Construction Positions.**  From the outset of this case, Defendants have emphasized that a key, limiting feature of the 244 Patent is the ability of a subscriber device to automatically connect to a WLAN (802.11) network whenever a connection is possible.  This feature is highlighted in the Summary of the Invention, which explains that the purported invention eliminated the need for users to manually select WLAN networks (D.I. 281/239, Ex. 21 [244 Pat.] at 2:54-62).[2]  The specification further explains that the "invention . . . connects directly to a W-LAN . . . when such a connection is possible" and the "same equipment can be used without any reconfiguration and even without the knowledge of the user" (*id*. at 2:63-3:2; *see also id.* at 3:2-5; 2:50-54).  This same feature was emphasized to distinguish the prior art when the patentee explained that the invention "can automatically select the cheaper and faster WLAN when possible" (*id*. at 2:50-52).  Defendants therefore proposed that the phrase "configured to communicate with an IEEE 802.11 wireless local area network" be construed to require that the subscriber unit be "set up to always connect directly to an IEEE 802.11 wireless local area network when such a connection is possible" (D.I. 140/122 at 63).

InterDigital took the position that the invention did not require any ability to automatically connect to an IEEE 802.11 network.  Instead, InterDigital's proposed construction required only that the subscriber unit be "operable/arranged to transmit data to and/or receive data from an IEEE 802.11 wireless local area network" (D.I. 140/122 at 62).

**The Markman Hearing.**  During the *Markman* hearing, the Court inquired about the word "directly" in Defendants' construction, and specifically whether the substitution of "automatically" in place of directly would alter the scope of Defendants' construction (D.I.

---

[2] The first number following "D.I." corresponds to the docket item number for the -00009 action, whereas the second number corresponds to the docket item number for the -00010 action.

225/205 at 161:10-23). Defendants' counsel indicated that it would not, and that substituting "automatically" for "directly" was acceptable to Defendants (*id.* at 161:20-23). The Court then posed the same query to InterDigital's counsel, who indicated that InterDigital did object to the word "automatically" because automatic connection was not required, and because InterDigital believed that Defendants would later argue that selecting a WLAN or entering a password would not be automatic (*id.* at 162:6-163:3). The Court then posed that question to Defendants' counsel in the following colloquy:

> THE COURT: Hold on a minute. Are you trying to make that argument, Mr. Haynes, that if I can program my phone, so that it recognizes my local area network, that then it's not automatic?
>
> MR. HAYNES: If the connection is automatic, your Honor, then I agree it is automatic. I don't think there is a dispute about that. *I think the issue is, What do you have to do? You have to manually go in and select it. That's not automatic.*
>
> THE COURT: No, but if I do it now, and I expect it to last for the next three or four years, then at subsequent times it's automatic, right?
>
> MR. HAYNES: If it practices each of the method steps --
>
> THE COURT: Well, all we're talking about is the automatic portion right now. If the next time that I'm within range, my network, my local area network, and it goes out and grabs it, because I've programmed it to recognize that that's my network, that's automatic, right?
>
> MR. HAYNES: *That specific step would be automatically done in that instance that you just described, your Honor.*
>
> THE COURT: Okay.
>
> MR. HAYNES: I don't know whether it meets all of the other limitations, when you consider all of those together.
>
> THE COURT: All right.

(D.I. 225/205 at 163:3-164:4) (emphasis added). This exchange focused solely on the word "automatically" and its replacement for the word "directly" in Defendants' proposed construction. Two things are plain from this exchange. First, Defendants' counsel made clear

3

that "manual selection" is not "automatic," and that if, after programming a device to recognize a particular WLAN connection, a device subsequently connected to that WLAN, such a later connection would be automatic "*in that instance*" (*id.*). None of this exchange, however, addressed the remainder of Defendants' proposed construction, which requires that a subscriber unit be "set up to *always* connect directly *whenever such a connection is possible.*"

**The Court's Claim Construction Order**. In its Claim Construction Order, the Court adopted Defendants' proposed construction, except that it substituted the word "automatically" for "directly." The Court explained that "[t]he inventor's description of the '244 Patent, as solving the problem of manual selection, limits the scope of the patent" and that the term 'automatically' appropriately "captures the claim scope by emphasizing only that the action does not require manual selection" (D.I. 253/219 at 12). The Court adopted the remainder of the Defendants' proposed construction without comment.

**Dr. McLaughlin's Noninfringement Opinions**. Dr. McLaughlin rendered his noninfringement opinions prior to the issuance of the Court's Claim Construction Order, and therefore opined on infringement under each of the parties' proposed constructions. With respect to Defendants' construction, Dr. McLaughlin opined that the accused products do not infringe because those products do not "always connect directly [automatically] to an IEEE 802.11 wireless local area network when such a connection is possible" because the products required that a user "first manually select an available network to which to connect" (D.I. 281/239, Ex. 26 [McLaughlin Reb.] at ¶¶205-207, 239-242). During his deposition, Dr. McLaughlin was asked about the same example the Court asked about during the claim construction hearing, and his testimony was entirely consistent with both the Court's construction and the statements made by Defendants' counsel during the hearing:

4

Q: If the next time that user is within range of the wireless local area network at his office, the subscriber unit connects to that network, would you agree that that connection is automatic?

\*\*\*

A: I would agree that it -- that connection is automatic, but not always automatic.

Q: And by "not always," you mean because the first time he connected, he had to make some manual inputs. Right?

A: Correct.

(Ex. 1 at 171:22-172:7) (objections omitted).

## ARGUMENT

InterDigital is correct that expert testimony that conflicts with the Court's claim construction should be excluded. *PPC Broadband, Inc. v. Corning Gilbert Inc.*, No. 5:11–cv–761, 2014 WL 347800, at \*3 (N.D.N.Y. Jan. 31, 2014) (explaining that no party may contradict a district court's constructions and denying motions to strike expert testimony where the testimony constituted permissible opinions on whether facts met the claims as construed by the Court) . But InterDigital's motion does not allege that Dr. McLaughlin's testimony conflicts with the Court's claim construction. Rather, InterDigital argues that Dr. McLaughlin's opinions are based on "a reading of the Court's construction that is inconsistent with the Court's *intentions*" (D.I. 286/241 at 5) (emphasis added). InterDigital thus seeks to exclude Dr. McLaughlin's testimony because, although Dr. McLaughlin based his opinions on the Court's construction, his non-infringement opinion violates some unexpressed *intent* of the Court. That issue, however, belongs to the trier of fact. *PPG Indus. v. Guardian Indus. Corp.*, 156 F.3d 1351, 1355 (Fed. Cir. 1998) ("[A]fter the court has defined the claim with whatever specificity and precision is warranted by the language of the claim . . . the task of determining whether the construed claim reads on the accused product is for the finder of fact."); *Power Integrations, Inc. v. Fairchild*

5

*Semiconductor Intern., Inc.*, 763 F. Supp. 2d 671, 695–96 (D. Del. 2010) ("[T]he application of the Court's claim construction to the accused products is a question of fact for the jury.").

The only question relevant to this motion is whether Dr. McLaughlin applied the Court's construction in his infringement analysis, and on that issue there is can be no legitimate dispute (*see* D.I. 281/239, Ex. 26 [McLaughlin Reb.] at ¶¶169-170, 205-207, 239-242 (opining that the accused devices did not infringe because they did not always connect directly [automatically] when such a connection was possible); Ex. 1 [McLaughlin Dep.] at 170:18-172:7 (applying the Court's construction and concluding that connection to a known network was automatic, but not "always automatic" as required by the Court's construction because it required manual selection)).

InterDigital's argument hinges on its own mischaracterization of the colloquy between the Court and Defendants' counsel during the *Markman* hearing. There, Defendants' counsel explained that a connection that required a user to manually select a network was not automatic (D.I. 225/205 at 163:7-12). Defendants' counsel conceded that if a future connection was made that did not require manual selection, that future connection would be automatic "in that instance" (D.I. 225/205 at 163:18-25). Dr. McLaughlin's opinion is consistent with the discussion during the claim construction hearing because he agrees that a particular connection is automatic if it does not require manual selection by the user (Ex. 1 [McLaughlin Dep.] at 171:22-172:7). Dr. McLaughlin's opinion is also consistent with the Court's construction, because he opines that the accused devices do not *always* connect automatically *when such a connection is possible* because each connection to an IEEE WLAN requires manual selection of that WLAN at least the first time a connection is made to that network (D.I. 281/239, Ex. 26 [McLaughlin Reb.] at ¶¶205-207, 239-242). As explained in Defendants' Brief in Support of Their Motion for

6

Summary Judgment, the accused products cannot infringe under the Court's construction because those devices do not "always connect automatically to an IEEE 802.11 wireless local area network when a connection is possible." When the accused devices encounter a WLAN, the user must manually select that network before it can be used, and therefore does not automatically connect even though a connection is possible (D.I. 278/237 at 13-14, 20). Dr. McLaughlin's opinions are thus not only reliable and consistent with the Court's construction, but also demonstrate noninfringement under the undisputed facts.

## CONCLUSION

For the reasons set forth above, Defendants submit that InterDigital's motion should be denied, and Dr. McLaughlin's testimony should not be excluded.

| | |
|---|---|
| */s/    Jeremy A. Tigan* | */s/ Kelly E. Farnan* |
| Jack B. Blumenfeld (#1014) | Kelly E. Farnan (#4395) |
| Rodger D. Smith II (#3778) | farnan@rlf.com |
| Jeremy A. Tigan (#5239) | Travis S. Hunter (#5350) |
| Morris, Nichols, Arsht & Tunnell LLP | hunter@rlf.com |
| 1201 North Market Street | Richards, Layton & Finger, P.A. |
| P.O. Box 1347 | 920 N. King Street |
| Wilmington, DE 19899 | Wilmington, DE 19801 |
| (302) 658-9200 | 302-651-7700 |
| jblumenfeld@mnat.com | |
| rsmith@mnat.com | *Attorneys for Defendants ZTE Corporation* |
| jtigan@mnat.com | *and ZTE (USA) Inc.* |

*Attorneys for Nokia Corporation and Nokia Inc.*

Dated: June 27, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2014, I caused to be served copies of the foregoing document in the manner indicated below and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following counsel of record:

**VIA EMAIL**
Neal C. Belgam
Melissa N. Brochwicz Donimirski
Proctor Heyman LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801

**VIA EMAIL**
Ron E. Shulman
Latham & Watkins
140 Scott Drive
Menlo Park, CA 94025

Maximilian A. Grant
Bert C. Reiser
Latham & Watkins
555 Eleventh Street, N.W., Ste. 1000
Washington, DC 20004

David S. Steuer
Michael B. Levin
Maura L. Rees
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304

*/s/ Travis S. Hunter*
Travis S. Hunter (#5350)
hunter@rlf.com