IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

INTERDIGITAL COMMUNICATIONS : 
INC., et al., :
 :
       Plaintiffs, :
 :
v. :   Civil Action No. 13-10-RGA
 :
NOKIA CORPORATION, et al., :
 :
       Defendants. :

**ORDER ON MOTIONS IN LIMINE**

Each side has filed three motions in limine. (D.I. 330, Exs. 13 & 14). They are resolved as follows.

Plaintiff's MIL #1 cannot be decided in advance of trial. Inequitable conduct is not a matter for the jury to decide, and the jury should not hear any of that evidence unless it is independently admissible for some other purpose. Plaintiff[1] has inventors on its witness list, and witnesses may be cross-examined about matters relating to their credibility. Thus, one other purpose is that instances of dishonesty may be admissible to show credibility. Rule 608(b). A second purpose may concern obviousness. What Interdigital employees or others of ordinary skill in the art understood from a reference may be relevant to testing expert testimony about what a person of ordinary skill would have understood. What such people did as a result of that understanding, to the extent it has the natural effect of making non-testifying witnesses look dishonest, has little or no probative value, and would be substantially outweighed, in all

---

[1] I refer to the three Plaintiffs as "Plaintiff."

likelihood, by its unfair prejudicial effect on Interdigital. Rule 403. Inequitable conduct is clearly irrelevant to written description. Thus, other than pursuant to Rule 608(b), Defendants may not offer the inequitable conduct evidence, except upon a proffer, to be filed no later than 12 noon on September 2, 2014, detailing specifically what evidence Defendants plan to use and how that will factor into the obviousness analysis. The Court does not see any relevance to any secondary consideration of obviousness, but Defendants are also permitted to proffer that in more detail on the same schedule.

Plaintiff's MIL #2 is **GRANTED TO THE FOLLOWING EXTENT**: Defendants may not refer to Plaintiff as troll, non-practicing entity (NPE), patent assertion entity, or extortionist. Defendants may refer to Plaintiff as Plaintiff, Interdigital, the business, the company, and/or the corporation. Without prior permission, Defendants cannot call Plaintiff anything else.

Plaintiff's MIL #3 is **GRANTED**. I would characterize it as being unopposed.

Defendants' MIL #1 **GRANTED IN PART AND DENIED IN PART**. The 1999 license with Nokia is **EXCLUDED**. It is irrelevant, and, if it had any probative value, it would be substantially outweighed by the danger of unfair prejudice to the Defendants. The financial information related to licensing activities in general is irrelevant, and is **EXCLUDED**, including PX 475, 477, 482, 483, 486, and 487.[2] Testimony that companies have taken licenses covering hundreds or thousands of patents may be offered by Interdigital as "context" testimony, if it so chooses, but may not specify whether the patents-in-suit are included, and may not specify which companies took the licenses. No documentary evidence may be offered in support of such

---

[2] The Court does not have these exhibits. If there is some nugget of financial information in any of these exhibits that relates specifically to the two patents-in-suit, the Plaintiff should make a proffer of such information by 12 noon on September 2, 2014, with a copy of the relevant pages of the exhibit, and explain what conclusions could be drawn from such evidence.

testimony (unless it is challenged by cross-examination). Testimony about Interdigital's efforts to build prototype products generally may also be offered by Interdigital as "context" testimony. In support of such context testimony, Interdigital may not offer any non-testimonial evidence. If Interdigital has evidence about sales of some product that embodies one of the two patents-in-suit, Interdigital may offer that evidence for any relevant purpose, such as commercial success.

Defendants' MIL #2 is **DENIED**. This motion reads like a summary judgment motion. As a motion in limine, it fails. The points Defendants raise can be raised on cross-examination of Dr. Haas. Based on the arguments submitted, Dr. Haas's testimony will have probative value, and I do not see any unfair prejudice to Defendants in admitting such testimony.

Defendants' MIL #3 is **CONDITIONALLY GRANTED**. As the Court understands it, the PTO[3] did not institute an IPR. That would have no probative value in the Interdigital v. ZTE case, and it has no probative value in this case. It was not a decision on the merits.[4] The decision in *L.C. Eldridge Sales Co. v. Azen Mfg Pte*, 2013 U.S. Dist. Lexis 186151 (E.D. Tex. May 23, 2013), is not to the contrary. It concerns an inter partes reexamination (not an IPR, although that is not the important distinction) that was granted, and which resulted in "confirm[ation of] the patentability" of the patent-in-suit. A PTO non-merits decision not involving Defendants has little or no probative value, and would require a lot of explanation for the jury to be able to

---

[3] It is the PTAB that decides whether to initiate an IPR. As I understand it, the PTAB consists of ALJs, that is, lawyers and not persons of ordinary skill in the relevant art or even a related field.

[4] To the extent the denial of review is a decision, it is a decision that "[ZTE has not] demonstrate[d] that there is a reasonable likelihood that [ZTE] would prevail as to at least one of claims challenged." *See* http://wwww.uspto.gov/aia_implementation/faqs_inter_partes_review.jsp. (last visited Jan. 30, 2104).

understand. In my opinion, if it were assumed to have some minimal probative value, that probative value would be substantially outweighed by the danger of unfair prejudice to the Defendants, and the risk of jury confusion from the complexity added by such testimony.[5]

**IT IS SO ORDERED** this 28th day of August 2014.

*Richard G. Andrews*
United States District Judge

---

[5] I do not think I have been provided in connection with the MIL any records relating to the IPR request and its denial. If Plaintiff thinks I might change my mind with a fuller record, it can submit the relevant parts of the record with any appropriate argument by noon on September 2, 2014, and I will consider the additional information.