IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **INTERDIGITAL COMMUNICATIONS, INC.,** *et al.*, | |
| Plaintiffs and Counterclaim Defendants; | Civil Action No. 1:13-cv-00009-RGA |
| v. | |
| **ZTE CORP.,** *et al.*, | |
| Defendants and Counterclaim Plaintiffs. | |
| **INTERDIGITAL COMMUNICATIONS, INC.,** *et al.*, | |
| Plaintiffs and Counterclaim Defendants; | Civil Action No. 1:13-cv-00010-RGA |
| v. | |
| **NOKIA CORP.,** *et al.* | |
| Defendants and Counterclaim Plaintiffs. | |

MEMORANDUM ORDER

1

Before the Court are four motions: (1) InterDigital's[1] Motions for Summary Judgment (D.I. 287);[2] (2) ZTE[3] and Nokia's[4] Motion for Summary Judgment of Noninfringement of United States Patent No. 7,941,151 and of Noninfringement and Invalidity of United States Patent No. 8,380,244 (D.I. 277); (3) ZTE's Motion for Summary Judgment of Noninfringement, or in the Alternative, Invalidity of United States Patent Nos. 7,190,966 and 7,286,847 (D.I. 280); and InterDigital's Daubert Motion to Exclude Dr. Steven McLaughlin's Expert Testimony (D.I. 285). The Motions have been fully briefed and are ripe for decision. (D.I. 278, 309, 345, 282, 305, 343, 286, 313, 348, 288, 314, 346). The Court **GRANTS THE MOTIONS IN PART AND DENIES THE MOTIONS IN PART**.

### Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). The moving party has the initial burden of proving the absence of a genuinely disputed material fact relative to the claims in question. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Material facts are those "that could affect the outcome" of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The burden on the moving party may be discharged by demonstrating that there is an absence of evidence supporting the non-moving party's case. *Celotex*, 477 U.S. at 325.

---

[1] The Court uses "InterDigital" to refer to: IPR Licensing Inc., InterDigital Communications Inc., InterDigital Holdings Inc., and InterDigital Technology Corporation.

[2] Unless specifically noted otherwise, all citations to the record are to 1:13-cv-0009-RGA.

[3] The Court uses "ZTE" to refer to: ZTE Corporation and ZTE (USA) Inc.

[4] The Court uses "Nokia" to refer to: Nokia Corporation and Nokia Inc.

The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989). A non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute . . . ." FED.R.CIV.P. 56(c)(1).

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 247–49. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322.

InterDigital's Motions for Summary Judgment (D.I. 287; 1:13-cv-00010-RGA D.I. 242).

InterDigital's motion for summary judgment requests that the Court find (1) that Patent No. 7,941,151 (`151 Patent) is not unenforceable because of inequitable conduct, (2) that the asserted claims (1 and 8, in Nokia's case, D.I. 330 at 4) of Patent No. 8,380,244 (`244 Patent) are not anticipated and/or rendered obvious, and (3) that the asserted claims of Patent Nos. 7,190,966 (`966 Patent) and 7,286,847 (`847 Patent) (*see* D.I. 314 at p. 29) are not invalid as not enabled or for lack of adequate written description regarding the claim term "successively transmits

3

signals." The Court **GRANTS THIS MOTION IN PART AND DENIES THIS MOTION IN PART**.

InterDigital argues that the inventor's failure to include the Siemens 004 reference, the Motorola 1250 reference, Motorola 683 reference, Motorola 535 reference, InterDigital 1056 reference, and the Siemens CC reference in the patent cannot as a matter of law lead to a finding of inequitable conduct. (D.I. 288 at 8). The Defendants argue that there is a genuine dispute of material fact as to whether the actions of the relevant parties, as related to the Siemens 004 reference, were intended to deceive the Patent and Trademark Office. (D.I. 314 at 10-24). The Court agrees that there is a sufficient factual dispute as to the Siemens 004 reference, especially when considering that the three named inventors were aware of Siemens 004 reference and wrote an internal invention disclosure regarding this reference. However, the Defendants do not address the other five references. (*See* D.I. 314). As InterDigital provided sufficient evidence in their opening brief to show that there was a lack of a genuine issue of material fact regarding these references, and the Defendants failed to address these references, the Court finds that the Defendants have waived their defense of inequitable conduct as related to these references. Therefore, the Court **GRANTS** InterDigital's Motion for Summary Judgment as to the Motorola 1250 reference, Motorola 683 reference, Motorola 535 reference, InterDigital 1056 reference, and the Siemens CC reference and **DENIES** the motion for summary judgment as it relates to the Siemens 004 reference.

InterDigital argues that the claims of the '244 Patent are not anticipated or rendered obvious in view of the prior art. InterDigital maintains that because Defendants' expert Dr. Steven McLaughlin failed to opine on the term "select for use" the "Defendants cannot meet their heavy burden of proving anticipation and obviousness by clear and convincing evidence. . .

4

." (D.I. 288 at 22). The Defendants, however, point to multiple locations in Dr. McLaughlin's opinion that discuss this issue. (*E.g.*, D.I. 314 at 29). Furthermore, the reasonableness of the expert's opinions, as he applies the Court's claim construction, is a question for the jury. Thus, the Court **DENIES** InterDigital's motion for summary judgment as it relates to anticipation and obviousness.

InterDigital seeks summary judgment on two of Defendant ZTE's affirmative defenses with regard to `966 and the `847 patent, namely enablement and written description based on the claim term "successively transmitted signals." InterDigital argues that ZTE has failed to provide any evidence to support an enablement or written description defense. (D.I. 288 at 35). ZTE argues that there is a genuine dispute regarding enablement because the parties dispute whether an access code is an essential element that must be disclosed. (D.I. 314 at 33, 34). Furthermore, ZTE argues that there is a genuinely disputed material fact regarding written description as its expert, Dr. Kakaes, opines that the disclosure of short codes that are not capable of carrying data does not convey to a person skilled in the art that the inventor had possession of short codes that do carry data. *Id.*

A patent is enabled when one of ordinary skill in the art can practice the invention based on the patent itself, without undue experimentation. *Wyeth & Cordis Corp. v. Abbott Labs.*, 720 F.3d 1380, 1384 (Fed. Cir. 2013). Enablement is a question of law based on the underlying facts. *Id.* Here, ZTE attempts to argue that an "essential component" is missing from the specifications; however, this is irrelevant assuming that this omission does not cause undue experimentation. ZTE fails to address this issue, nor raise any evidence in their briefing regarding the amount of experimentation needed to overcome the specifications' lack of information regarding the claim term "successively transmitted signals." While ZTE does cite to

5

locations in its expert testimony where Dr. Kakaes provides opinions that the patents omit this information, it does not cite to evidence concerning the amount of experimentation needed to overcome this omission.  (D.I. 314 at 34, 35, 38).[5]  It is not the Court's responsibility to sift through the thousands of pages of documents filed in this case to determine whether ZTE at some point discussed the requisite experimentation to overcome the patents' omission.  Thus the Court takes ZTE's lack of citation as an admission that the evidence does not exist.  Therefore, as it is necessary to show that one cannot practice the invention without undue experimentation to prove that a patent is not enabled, the Court **GRANTS** InterDigital's motion as it relates to ZTE's affirmative defense regarding enablement.

As for written description, the Court agrees with ZTE that there is a genuine dispute regarding a material fact and therefore **DENIES** InterDigital's motion for summary judgment as it relates written description.

Defendants' Motion for Summary Judgment of Noninfringement of United States Patent No. 7,941,151 and Noninfringement and Invalidity of United States Patent No. 8,380,244 (D.I. 277; 1:13-cv-010-RGA D.I. 236).

The Defendants' motion for summary judgment requests that the Court find (1) that the `151 Patent is not infringed as the accused devices do not receive uplink and downlink channel assignment information via the same physical downlink control channel, (2)  that the `244 Patent is not infringed as the accused devices do not meet the "configured to communicate" claim term, and (3) that the `244 Patent is invalid as the written description does not support the "while" limitation.  (D.I. 278).  The Court finds that there are genuine disputes of material issues of fact regarding all of these issues, as there remains material disagreements between the experts.  These

---

[5] The Court disagrees with ZTE that Dr. Kakaes stating that the patents "will not work if the base station does not acquire the access code" provides evidence regarding the amount of experimentation needed to overcome the patent's failure to discuss the aforementioned requirement.  (D.I. 314 at 38).

material issues include, but are not limited to, whether the Physical Downlink Control Channel ("PDCCH") can carry both downlink and uplink channel assignment information, whether the initial manual insertion of a Wireless Local Area Network ("WLAN") password prevents infringement of the `244 patent, and whether the specification properly discloses the "while" limitation considering the experts' disagreement regarding the requisite steps for the communication session. Therefore the Court **DENIES** the Defendants' Motion for Summary Judgment.

<u>ZTE's Motion for Summary Judgment of Noninfringement, or in the Alternative, Invalidity of United States Patent Nos. 7,190,966 and 7,286,847 (D.I. 280).</u>

ZTE's motion for summary judgment requests that the Court find (1) that its accused devices do not infringe the asserted claims of the `966 Patent and claim 5 of the `847 Patent because they do not use the "same code" to generate the Physical-layer Random Access Channel ("PRACH") preamble and PRACH message, (2) that claim 3 of the `847 patent is not infringed because InterDigital fails to identify the "same" code that is used to generate the PRACH preamble and message, (3) that the accused Wideband Code Division Multiple Access ("WCDMA") devices do not infringe because they do not transmit an access code, and (4) that the patents are invalid as they do not disclose an essential feature. (D.I. 282). With the exception of ZTE's enablement arguments, the Court finds that there is a genuine dispute of a material fact regarding each issue, which prevents the granting of summary judgment. One such dispute is whether the "same" code is used in generating the PRACH preamble and message. Therefore the court **DENIES** ZTE's motion for summary judgment as it relates to infringement. As for ZTE's argument regarding enablement, the Court **DISMISSES** ZTE's motion **AS MOOT** as the Court granted the related portion of InterDigital's motion for summary judgment.

InterDigital's Daubert Motion to Exclude Dr. Steven McLaughlin's Expert Testimony
(D.I. 285; 1:13-cv-00010-RGA D.I. 240).

The Plaintiffs argue that that Dr. Steven McLaughlin should not be allowed to testify that

there "is no infringement because the first time a user connects to an IEEE 802.11 [WLAN] he or

she has to manually select the network, even though Dr. McLaughlin and defendants concede

that the accused products will thereafter always automatically connect to the WLAN." (D.I. 286

at 4 (emphasis omitted)). The Plaintiffs support their contention by arguing that Dr.

McLaughlin's testimony is based upon an improper interpretation of the Court's claim

construction. *Id.* The Plaintiffs do not contend that Dr. McLaughlin is not qualified as an expert

to testify. The Court finds that testimony referenced by the Plaintiffs is simply a disagreement

over various material issues of fact, and thus appropriately resolved by the finder of fact, in this

case the jury. Therefore, the Court **DENIES** InterDigital's Daubert motion.

Entered this 28th day of August, 2014.

Richard G. Andrews

United States District Judge

8