IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **INTERDIGITAL COMMUNICATIONS, INC.,** *et al.*, <br><br> Plaintiffs and Counterclaim Defendants; <br><br> v. <br><br> **NOKIA CORP.,** *et al.* <br><br> Defendants and Counterclaim Plaintiffs. | Civil Action No. 1:13-cv-00010-RGA |

MEMORANDUM ORDER

Before the Court are two motions: (1) Plaintiffs' Motion to Join Microsoft Mobile Oy as a Defendant Pursuant to FED. R. CIV. P. 25(c) (D.I. 268) and (2) Microsoft Mobile Oy's Cross-Motion to Substitute Parties Under FED. R. CIV. P. 25 or Alternatively to Dismiss Nokia Corp. as a Named Party on Counterclaims (D.I. 302). The Motions have been fully briefed and are ripe for decision. (D.I. 269, 303, 307, 314). The Court **GRANTS THE MOTIONS IN PART AND DENIES THE MOTIONS IN PART**.

The Plaintiffs argue[1] that Microsoft Mobile Oy ("MMO") should be joined as per FED. R. CIV. P. 25(c) as Nokia Corporation sold its wireless devices and services business to MMO. (D.I. 269 at 7). The Defendant maintains that because MMO is now wholly responsible for

---

[1] The motions were briefed in tandem and thus the Court will address them together.

1

producing and selling the accused products, substitution would be more appropriate. (D.I. 303 at 6). The Court agrees with the Plaintiffs.

FED. R. CIV. P. Rule 25(c) states:

If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

The Court finds that joinder, not substitution, is appropriate. Plaintiffs argue, and the Court agrees, "While Nokia Corporation may be able, as a purely contractual matter, to require MMO to be responsible to it for any liability it has to InterDigital, a private agreement between Nokia and MMO does not affect InterDigital's ability to pursue claims against a defendant who caused it injury." (D.I. 269 at 9). The Court does note, that as MMO has indicated to the Court that it is now wholly responsible for Nokia's liability, Nokia need not be present at any further hearings or the upcoming trial, unless specifically ordered to be present by the Court. This should mitigate Nokia's argument that joining MMO, rather than substituting MMO for Nokia, will impose an unnecessary burden on Nokia.[2]

MMO additionally argues that Nokia's counterclaims should be transferred to MMO. (D.I. 303 at 15). MMO argues that it has assumed the right to all the counterclaims. The Plaintiffs maintain that MMO's motion should be denied as MMO has submitted no competent evidence supporting it. (D.I. 307 at 14). Specifically, the Plaintiffs argue that MMO failed to provide the Court with the purchase agreement that shows what, if any, counterclaims were transferred to MMO. *Id.* This argument is baseless. The Plaintiffs provided the Court with a copy of the relevant purchase agreement. (*See* D.I. 270-1 at 23-25). The Court finds that MMO

---

[2] In addition, if the Plaintiffs win at the liability trial, the Court thinks the Plaintiffs ought to be able to pursue discovery from Nokia Corp. as if it were a party. Joinder satisfies that need better than substitution.

and Nokia have provided sufficient evidence as per Rule 25(c). However, for the same reasons discussed above, the Court believes joinder is more appropriate than substitution.

Finally, MMO and Nokia move the Court, in the alternative, to dismiss Nokia as a Counterclaim Plaintiff. (D.I. 303 at 16). There is a disagreement between the parties as to whether dismissal should be with or without prejudice. MMO and Nokia cite to FED. R. CIV. P. 17 to support their claim that Nokia should be dismissed without prejudice; however, MMO and Nokia do not direct the Court to a single case that would support this argument. *Id.* The Court finds that MMO and Nokia have not meet their burden to show that dismissal, let alone dismissal without prejudice, is appropriate.

Thus the Court **GRANTS** Plaintiffs' Motion to Join Microsoft Mobile Oy as a Defendant Pursuant to FED. R. CIV. P. 25(c) (D.I. 268) and **GRANTS IN PART AND DENIES IN PART** Microsoft Mobile Oy's Cross-Motion to Substitute Parties Under FED. R. CIV. P. 25 or Alternatively to Dismiss Nokia Corp. as a Named Party on Counterclaims (D.I. 302).[3]

Entered this 28th day of August, 2014.

United States District Judge

---

[3] The Court requests that the parties discuss before the pretrial conference a stipulation to simplify the presentation to the jury of these corporate maneuverings which are extraneous to the merits of the case.