**Smith, Katzenstein & Jenkins LLP**

*Attorneys at Law*

The Corporate Plaza
800 Delaware Avenue, Suite 1000
P. O. Box 410
Wilmington, DE  19899
(Courier 19801)
Phone  (302) 652-8400
Fax (302) 652-8405
www.skjlaw.com

September 2, 2014

**BY ECF**

The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9
Room 6325
Wilmington, DE 19801-3555

Re:   *InterDigital Comm., Inc. et al. v. Nokia et al.* C.A. No. 13-00010 RGA

Dear Judge Andrews:

Pursuant to footnote 5 of the Order on Motions in Limine (Docket No. 339) and as discussed at the final Pre-Trial Conference, InterDigital submits the USPTO's decision denying institution of an *inter partes* review of the '151 patent ('151 IPR Denial) and provides relevant authority establishing its admissibility as evidence in this case.

- **The '151 IPR Denial is a final decision**

The '151 IPR Denial is a final decision.  A decision by the USPTO, through the Patent Trial and Appeals Board (PTAB), concerning "whether to institute an inter partes review under this section shall be final and nonappealable." 35 U.S.C. §314(d); *see also St. Jude Medical, Cardiology Division v. Volcano Corp.* 749 F.3d 1373, 1375 (Fed. Cir. 2014)(holding that §314(d) "provides no authorization to appeal a non-institution decision[.]"); *Dominion Dealer Solutions, LLC, v. Michele K. Lee*, No. 3:13CV699 (E.D. Va. Apr. 18, 2014)(dismissing action seeking review of decisions not to institute *inter partes* review.)  Thus, the '151 IPR Denial is final.

- **The '151 IPR Denial was on the merits**

The '151 IPR Denial was based on the merits of the underlying petition.  The '151 IPR Denial is a 20-page decision by the PTAB analyzing much of the same prior art and many of the same arguments being advanced by Nokia in this case.  *See* Ex. 1, Decision Denying Institution of *Inter Partes* Review.  The PTAB fully analyzed the '151 patent and interpreted the claims in the '151 IPR Denial, generally giving the claims their broadest reasonable interpretation.  *Id.* at 3-10. The PTAB then closely analyzed the Siemens 004 reference – the reference that is the sole

remaining basis of Nokia's inequitable conduct defense – and affirmatively determined that Siemens 004 does not anticipate the claims of the '151 patent. *Id.* at 10-18. The PTAB further analyzed Siemens 004 reference in view of other prior art asserted in this case, and affirmatively determined that none of the combinations rendered the claims of the '151 patent obvious. *Id.* at 18-19.[1] The PTAB thus addressed the merits of the prior art when it issued the '151 IPR Denial. *See, e.g., The Proctor & Gamble Co. v. Team Tech. Inc.*, No. 12-cv-552 at 21-24 and 77 (S.D. Ohio, July 3, 2014)(Granting partial summary judgment of no invalidity based in part on PTAB's denial of petition for inter partes review).

- **The '151 IPR Denial is part of the prosecution history**

The '151 IPR Denial is unquestionably part of the prosecution history. *See* Opposition to Defendant's Motion in Limine #3, Ex. 1 (docket of the PTO prosecution file history for the '151 Patent, including the July 7, 2014 Denial of IPR Trial Request). This is consistent with the USPTO's rules requiring that a "concluded reexamination file . . . containing the request and the decision denying the request becomes part of the patent's record," even though no reexamination certificate issues. *See* Ex. 4, MPEP § 2247, at 2200-68 (ex parte); Ex. 5, MPEP § 2647, at 2600-42 (inter partes). The Federal Circuit has confirmed this and the Delaware courts have followed it. *CR Bard, Inc. v. U.S. Surgical Corp.*, 388 F.3d 858, 861, 866-69 (Fed. Cir. 2004) (considering both the "initial examination" and "reexamination" of the patent-in-suit as part of the "prosecution history" that comprises the "intrinsic record"); *St. Clair Intellectual Property Consultants, Inc. v. Matsushita Elec. Indus. Co.*, 691 F. Supp. 2d 538, 550 (D. Del. 2010) ("[S]tatements made during a reexamination" are part of intrinsic record).

A final decision on a petition for an IPR is treated no differently. *See Intellectual Ventures I LLC v. PNC Fin. Servs. Grp., Inc.*, No. 14-cv-0832, 2014 WL 3942277, at *2 (W.D. Penn. Aug. 12, 2014) (noting IPR and CBM proceedings "will become part of the intrinsic records of the patents").

- **The '151 IPR Denial is necessary to respond to Nokia's claim that Siemens 004 was never considered by the USPTO**

Nokia has indicated that it intends to argue that certain prior art, including Siemens 004, was not considered by the USPTO. Therefore, the jury is entitled to hear that the USPTO, through the PTAB, considered and rejected some of the exact same arguments regarding some of the exact same prior art, including Siemens 004, as will be proffered by Nokia at trial. *See Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1260-61 (Fed. Cir. 2012)("Whether a reference was before the PTO goes to the weight of the evidence, and the parties are of course free to, and generally do, make these arguments to the fact finder.")

---

[1] The Court commented on the qualifications of the Administrative Patent Judges that performed the analysis in the '151 IPR Denial, suggesting that they are not persons of ordinary skill in the art. An APJ must have both a law degree and a technical degree. *See* Ex. 2, USPTO online job positing for Administrative Patent Judge ("Key requirements: Proof of bachelor or higher technical degrees and law degrees."); Ex. 3, USPTO Recruitment Brochure at 2 ("Basic Qualifications: Degree(s)/work experience in science or engineering")

- **The full prosecution history of the '151 patent should be considered by the jury**

The full prosecution history of the '151 patent, including the '151 IPR Denial, should be considered by the jury. The Federal Circuit has found reversible error for failure to "give any credence to the PTO reexamination proceeding, which upheld the validity of claims 1 and 6 despite the presence of much of the same art as was before the district court." *Custom Accessories v. Jeffrey-Allan Indus.*, 807 F.2d 955, 961 (Fed. Cir. 1986). The '151 IPR Denial held that there was not even a reasonable likelihood that Siemens 004, alone or in combination with other references, would invalidate the claims of the '151 patent. This finding should be before the jury, and it would be error to exclude it.

Allowing the jury to consider the '151 IPR Denial is consistent with the treatment of reexamination proceedings in Delaware. *Pegasus Dev. Corp. v. Directv, Inc.*, No. 00-1020-GMS, 2003 WL 21105073 (D. Del. 2003) ("Moreover, the court notes that if, after reexamination, the plaintiffs' patents are again upheld, the plaintiffs' rights will only be strengthened, as the challenger's burden of proof becomes more difficult to sustain.") (citing *Custom Accessories*) (granting stay pending reexamination); *see also E.I. du Pont de Nemours v. Polaroid Graphics*, 706 F. Supp. 1135, 1141 & n.8 (D. Del. 1989) (noting that "'the exhaustive consideration given the prior art by the PTO during [reexamination] *must be weighed* in determining patentability.'") (alteration in original and footnote omitted, emphasis added) (quoting *Fromson v. Advance Offset Plate, Inc.*, 755 F.2d 1549, 1558 (Fed. Cir. 1985)).

Respectfully,

*/s/ Neal C. Belgam*

Neal C. Belgam (No. 2721)

NCB/jcb

Enclosures

cc: Clerk of Court (*by efile*)
All counsel of record (*by efile and email*)