IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERDIGITAL COMMUNICATIONS, INC., a Delaware corporation, INTERDIGITAL TECHNOLOGY CORPORATION, a Delaware corporation, IPR LICENSING, INC., a Delaware corporation, and INTERDIGITAL HOLDINGS, INC., a Delaware corporation,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>NOKIA CORPORATION, NOKIA, INC., and MICROSOFT MOBILE OY,<br><br>Defendants and Counterclaim Plaintiffs. | Civil Action No.: 1:13-cv-00010-RGA<br><br>**JURY TRIAL DEMANDED** |

**INTERDIGITAL'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PORTION OF ITS COMPLAINT PERTAINING TO THE '151 PATENT AND TO DISMISS DEFENDANTS' DECLARATORY JUDGMENT COUNTERCLAIMS OF NONINFRINGEMENT, INVALIDITY AND UNENFORCEABILITY RELATING TO THE '151 PATENT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(h)(3),**

**I.   INTRODUCTION**

Plaintiffs InterDigital Communications, Inc., InterDigital Technology Corporation, IPR Licensing, Inc. and InterDigital Holdings, Inc. (collectively "InterDigital") respectfully moves for dismissal of Count I (Infringement of U.S. Patent No. 7,941,151 ("the '151 patent")) and for dismissal of the following counterclaims: Defendants' Eleventh Counterclaim (Declaration of Non-Infringement); Twelfth Counterclaim (Declaration of Invalidity); and Thirteenth Counterclaim (Declaration of Patent Unenforceability), as they relate to the '151 patent, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3). InterDigital makes this motion because (1) InterDigital has determined to dismiss Count I and (2) InterDigital's dismissal of Count I and InterDigital's

1

"Statement of Nonliability and Covenant Not to Sue," attached as Exhibit A and which is concurrently being served on Defendants, eliminates any basis for Defendants' counterclaims related to the '151 patent and divests this Court of subject matter jurisdiction over those counterclaims as a matter of law. If the Court grants InterDigital's motion, all that would remain of this case is InterDigital's Count II (Infringement of U.S. Patent No. 8,340,244) and Defendants' First, Second, Fifth, Seventh, Eleventh, Twelfth, and Thirteenth counterclaims as they relate to the '244 patent.

## II. INTERDIGITAL'S COUNT I SHOULD BE DISMISSED AND DEFENDANTS' NONINFRINGEMENT, INVALIDITY AND UNENFORCEABILITY COUNTERCLAIMS SHOULD BE DISMISSED WITH PREJUDICE BASED ON INTERDIGITAL'S WITHDRAWAL OF COUNT I OF THE COMPLAINT AND INTERDIGITAL'S COVENANT NOT TO SUE

### A. InterDigital's Count I Should Be Dismissed

On April 22, 2015, in a related case between InterDigital and ZTE Corporation and ZTE (USA), Inc., the jury returned a verdict of non-infringement on the '151 patent. (*See* CA 1:13-cv-00009-RGA, D.I. 539). Because claim construction and fact and expert discovery were consolidated between that case and the instant case, InterDigital has determined not to pursue Count I for infringement of the '151 patent against Defendants. In order to preserve party and judicial resources, InterDigital's request for dismissal should be granted.

### B. Defendants' Declaratory Judgment Counterclaims of Noninfringement, Invalidity, and Unenforceability Should be Dismissed

This Court's jurisdiction over any action for a declaratory judgment is based on the Declaratory Judgment Act, 28 U.S.C. § 2201 (1994). That statute grants federal courts the discretionary power to declare the rights and legal relations of parties to an actual case or controversy. Declaratory judgment jurisdiction only exists when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal

interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citations omitted). Significantly, the case or controversy "must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). Post-filing events may divest the Court of jurisdiction. *Spectronics Corp. v. HE Fuller Co.*, 940 F.2d 631, 635 (Fed. Cir. 1991).

InterDigital's "Statement of Nonliability and Covenant Not to Sue" (attached as Exhibit A) negates the first criterion. *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995) ("Because [defendant] can have no reasonable apprehension that it will face an infringement suit on the … patents with respect to past and present products, it fails to satisfy the first part of our two-part test of justiciability."). Absent the existence of this first criterion, there is no case or controversy between the parties as to infringement, invalidity, and unenforceability of the '151 patent. Absent a case or controversy, this Court does not have jurisdiction over those declaratory judgment counterclaims.

The Federal Circuit decision in *Super Sack* is on point. In *Super Sack*, as here, the defendant counterclaimed for declaratory judgment of noninfringement and invalidity of the patent at issue. The defendant later moved for leave to add a counterclaim for a declaratory judgment of unenforceability. Plaintiff moved to dismiss all the declaratory judgment counterclaims. In support of its motion, plaintiff represented that it would not pursue its infringement claims against the defendant's past and current products. The District Court granted the motion and dismissed the counterclaims for lack of subject matter jurisdiction. The Federal Circuit affirmed. *Super Sack,* 57 F.3d at 1059.

Also on point is the decision in *SL Waber Inc. v. American Power Conversion Corp.*, 135 F. Supp.2d 521 (D.N.J. 1999). In *SL Waber*, after pretrial discovery, the plaintiff moved for leave to amend its complaint to delete its claim of infringement of one patent and moved to dismiss the defendant's declaratory judgment counterclaims of noninfringement, invalidity, and unenforceability. The District Court, relying on *Super Sack*, granted plaintiff's motion stating:

> [T]here is no independent jurisdictional basis for [defendant's] counterclaim for a declaratory judgment that the [patent] is unenforceable, invalid and not infringed. … [Plaintiff's] Statement of Nonliability and Covenant Not to Sue, eliminates any concern [defendant] could have about the threat of future patent litigation.

*Id*. at 525.

InterDigital has provided a "Statement of Nonliability and Covenant Not to Sue" to each Defendant. (*See* Ex. A). This eliminates all actual controversies between the parties as to the infringement, validity, and enforceability of the '151 patent, and divests this Court of subject matter jurisdiction over patent-related declaratory judgment counterclaims. Thus, Defendants' Eleventh, Twelfth, and Thirteenth counterclaims as they relate to the '151 patent should be dismissed.

### III.  CONCLUSION

For the foregoing reasons, InterDigital respectfully requests that the Court dismiss InterDigital's Count I for infringement of the '151 patent with prejudice and dismiss Defendants' Eleventh, Twelfth, and Thirteenth counterclaims with prejudice as they relate to the '151 patent.

April 23, 2015

        SMITH KATZENSTEIN & JENKINS LLP

        */s/ Neal C. Belgam*
        Neal C. Belgam #2721
        The Corporate Plaza
        800 Delaware Avenue, Suite 1000
        Wilmington, Delaware 19899
        Telephone: (302) 504-1688
        Facsimile: (302) 652-8405
        nbelgam@skjlaw.com

        *Counsel for Plaintiffs InterDigital Communications, Inc., InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital Holdings, Inc.*

OF COUNSEL*:*

Ron E. Shulman
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

Maximilian A. Grant
Bert C. Reiser
Jonathan D. Link
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Ste. 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Julie M. Holloway
LATHAM & WATKINS LLP
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

David S. Steuer
Michael B. Levin
Maura L. Rees
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

5