IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERDIGITAL COMMUNICATIONS, INC., a Delaware corporation, INTERDIGITAL TECHNOLOGY CORPORATION, a Delaware corporation, IPR LICENSING, INC., a Delaware corporation, and INTERDIGITAL HOLDINGS, INC., a Delaware corporation, Plaintiffs and Counterclaim Defendants, v. NOKIA CORPORATION, NOKIA, INC., AND MICROSOFT MOBILE OY, Defendants and Counterclaim Plaintiffs. | Civil Action No.: 1:13-cv-00010-RGA |

MEMORANDUM ORDER

Before the Court is Plaintiffs' Motion for Reargument of Order Severing Nokia Corporation for Separate Trial. (D.I. 501).

Reargument is generally appropriate only when there is: (1) a change in the controlling law, (2) a need to correct a clear error of law or fact, or to prevent manifest injustice, or (3) new evidence not available when the judgment was granted. *Apeldyn Corp. v. AU Optronics Corp.*, 831 F. Supp. 2d 837, 840 (D. Del. 2011). Reargument may also be granted where the court "has made a decision outside the adversarial issues presented to the Court by the parties." *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998). Motions for reargument or reconsideration may not be used as a means to argue new facts or issues that were not presented to the Court in the matter previously decided. *Apeldyn*, 831 F. Supp. 2d at 840 (internal quotations omitted).

1

Plaintiffs request reargument on the ground that my decision was *sua sponte* and there was no opportunity for briefing. (D.I. 522 at p. 1).

Nokia Corporation no longer makes or imports the accused products. (D.I. 512). As I noted when severing the trials, there is no relief I could grant against Nokia Corporation. (D.I. 491 at 35-36). Plaintiffs have identified none in their motion. I also think there is a significant likelihood of juror confusion between Nokia, Inc. and Nokia Corporation. I do not see good reason to keep Nokia Corporation in this action when the trial would not result in any relief against them. Nokia Corporation's presence would serve only to confuse the jury and potentially result in multiple opening arguments and examinations.

Plaintiffs' motion is **DENIED**.

Entered this 29 day of July, 2015.

Richard G. Andrews
United States District Judge

2